IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FREEDUS WARREN WILTON II, #A4006196, | ) ) | CIV. NO. 15-000078 JMS/KSC |
|---|---|---|
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| FRANCIS SEQUEIRA, | ) ) | |
| Respondent. | ) ) ) | |

## ORDER DISMISSING PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is pro se petitioner Freedus Warren Wilton II's ("Wilton") Petition for Writ of Habeas Corpus ("Petition"), brought pursuant to 28 U.S.C. § 2254. Wilton challenges his July 30, 1998 Circuit Court of the Second Circuit, State of Hawaii ("circuit court") criminal conviction and sentence in *State v. Wilton*, Cr. No. 97-0050(1). *See* Pet., Doc. No. 1.

Wilton's conviction and sentence was final on July 30, 1999, on the day he dismissed his appeal. *See* Doc. No. 12-5, Resp't Ex. A. More than a year passed before Wilton filed this Petition and he is not entitled to statutory or equitable tolling of the statute of limitation. Wilton's Petition is therefore DISMISSED as time-barred under 28 U.S.C. § 2244(d)(1), and any request for a

Certificate of Appealability is DENIED.

## I. PROCEDURAL HISTORY

On July 30, 1998, Wilton was convicted in Cr. No. 97-0050(1) of Burglary in the First Degree (Count 1); Robbery in the First Degree (Count 2); Attempted Murder in the First Degree (Count 3); Place to Keep Firearm (Count 4); Carrying or Use of a Firearm in the Commission of a Separate Felony (Count 5); and Use of Deadly or Dangerous Weapon in the Commission of a Crime (Count 6).[1] Doc. No. 12-3, Resp't Ex. B. The circuit court sentenced Wilton to concurrent terms of life without parole in Count 3; twenty years each in Counts 2 & 5; ten years each in Counts 1 & 4; and five years in Count 6. David Sereno, Esq., represented Wilton before and during trial. Vickie Russell, Esq., represented him at sentencing, on direct appeal, and in filing a petition for post-conviction relief.

On August 19, 1998, Wilton appealed. Doc. No. 12-4, Resp't Ex. C. On July 22, 1999, Wilton signed a voluntary stipulation to dismiss his appeal, in which he stated that, instead of a direct appeal, he agreed to have Russell file a state post-conviction petition on his behalf. *See* Doc. No. 12-5, Resp't Ex. D,

---

[1] In violation of Hawaii Revised Statutes ("HRS") §§ 708-810(1)(c) (Count 1); 708-840(1)(a) and/or (b)(ii) (Count 2); 705-500 and 707-701 (Count 3); 134-6 (Count 4); 134-6(a) (Count 5); and 134-51(b) (Count 6).

Amended Stipulation to Dismiss Appeal ("Stipulation"). In a declaration, Russell stated she had diligently reviewed the transcripts, interviewed Wilton's trial attorney and investigator, carefully researched possible legal issues, and concluded there were no bases for appeal. *Id.*, Russell Decl. Russell discussed her conclusion with Wilton, who indicated that he understood the Stipulation's content and ramifications, and agreed to dismiss the appeal and later proceed with a state post conviction petition.

Wilton also signed a declaration under penalty of perjury, stating that he had carefully read the trial transcripts with Russell's assistance, spoken at length with Russell regarding his appeal, and despite knowledge of his right to appeal, agreed "that no issues exist upon which an appeal may be based." *Id.*, Wilton Decl., ¶ 6, PageID #88. On July 30, 1999, the Hawaii Supreme Court dismissed Wilton's appeal. *See* Doc. No. 12-4.

On March 20, 2001, Russell filed Wilton's Petition to Vacate, Set Aside, Or Correct Judgment pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP"), S.P. No. 01-1-0021(1) ("Rule 40 Petition").[2] Doc. No. 12-6, Resp't Ex. E. The Rule 40 Petition raised three ineffective assistance of trial

---

[2] On March 27, 2001, the circuit court transferred the Rule 40 Petition to reflect that it was a "special prisoner proceeding," and re-docketed it as S.P.P. No. 01-1-0006(1) for all further proceedings.

3

counsel claims: Sereno's failure to (1) present evidence of Wilton's multiple sclerosis diagnosis to counter the State witnesses' equivocal identification of him as the assailant; (2) allow Wilton to testify; and (3) present any evidence in Wilton's defense.  *Id.*

On September 26, 2001, Wilton requested a new attorney, alleging that Russell had (1) failed to communicate with him after filing the Rule 40 Petition; and (2) informed his parents that she was closing her practice and had fulfilled her obligation to Wilton by filing the Rule 40 Petition.  Doc. No. 12-7, Resp't Ex. F.  On October 19, 2001, Wilton, proceeding pro se, moved to file an amended Rule 40 Petition to raise unidentified additional claims.[3]  Doc. No. 12-8, Resp't Ex. G.

On May 5, 2002, Wilton wrote circuit court Judge Artemio Baxa, who was presiding over S.P.P. No. 01-1-0006(1), complaining of the more than nineteen-month delay between dismissal of his appeal and Russell's filing the Rule 40 Petition.  Doc. No. 12-9, Resp't Ex. H.  Wilton also complained that Russell's delay "has time barred me from federal court review should my state's

---

[3] Wilton later identified these additional claims as challenges to his illegal sentence and ineffective assistance of appellate counsel for Russell's allegedly coercing him into dismissing his appeal and causing a time bar to any federal habeas petition he might later file.  *See* Doc. No. 12-10, Resp't Ex. I.

petition's and motion's [sic] be unsuccessful." *Id.*, PageID #161.

On May 28, 2003, the circuit court appointed the Office of the Public Defender ("OPD") to represent Wilton. Doc. No. 12-11, Resp't Ex. J. On May 28, 2004, the circuit court directed the OPD to file an Amended Rule 40 Petition that included Wilton's claims of illegal sentence, ineffective assistance of appellate counsel, and any other colorable claims, and directed the State to respond. Doc. No. 12-12, Resp't Ex. K.

After subsequent briefing, on December 1, 2004, the circuit court issued its first Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody ("First FOF Denying Rule 40 Petition"), denying the Amended Rule 40 Petition in its entirety. Doc. No. 12-14, Resp't Ex. M. On March 21, 2007, the Hawaii Intermediate Court of Appeals ("ICA") affirmed the circuit court's decision. Doc. No. 12-18, Resp't Ex. Q.

On November 13, 2007, the Hawaii Supreme Court vacated the ICA's decision and remanded for an evidentiary hearing on the sole issue of whether Wilton's trial counsel was ineffective for failing to raise Wilton's multiple sclerosis diagnosis. *See Wilton v. Hawaii*, 170 P.3d 357, 361 (Haw. 2007). The Hawaii Supreme Court held that this was the only colorable claim presented, and

if taken as true, such evidence could possibly counter the State's evidence identifying Wilton as the perpetrator, thus requiring a hearing under Rule 40. *Id.* at 373; *see* HRPP Rule 40(f) ("If a petition alleges facts, that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.").

The circuit court held a multi-day evidentiary hearing, and on November 8, 2010, issued its second Findings of Fact Conclusions of Law, denying Wilton's Rule 40 Petition ("Second FOF Denying Rule 40 Petition"). *See* Doc. Nos. 12-22, 12-23, Resp't Exs. U & V. On December 17, 2013, the ICA affirmed, and on April 23, 2014, the Hawaii Supreme Court rejected *certiorari*. Doc. No. 12-28, Resp't Ex. AA.

Wilton filed the present Petition on March 5, 2015.[4] He raises three ineffective assistance of trial counsel claims against Sereno, and two ineffective assistance of counsel claims against Russell. On March 27, 2015, Magistrate Judge Chang issued a Preliminary Order to Show Cause, notifying Wilton that the court was considering dismissing the Petition as time-barred, and directing the parties to brief this issue. Doc. No. 8. Respondent filed a Response on May 8,

---

[4] Although the Petition was received and filed on March 16, 2015, the court accepts March 5, 2015, as its constructive date of filing, when Wilton signed and gave the petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 273 (1988).

2015.  Doc. No. 12.  Wilton filed his Reply on July 7, 2015.  Doc. No. 20.

## II.  28 U.S.C. § 2244

Wilton's claims are governed by the statute of limitation set forth in 28 U.S.C. § 2244(d)(1) & (2).  Section 2244(d)(1) provides a one year period of limitation on applications for writ of habeas corpus by persons in custody pursuant to state court judgments.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

7

of limitation." A petitioner may also be entitled to equitable tolling of the statute upon a showing of extraordinary circumstances and diligence pursuing his rights. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).

### III. DISCUSSION

Wilton's conviction became final when he voluntarily withdrew his appeal on July 29, 1999. *See* 28 U.S.C. § 2244(d)(1)(A). The statute of limitation began to run July 30, 1999, and absent statutory or equitable tolling, expired one year later.

Respondent asserts that the statute of limitation (1) was not statutorily tolled under 28 U.S.C. § 2244(d)(2) when Wilton filed his Rule 40 Petition, because it had already expired; and (2) cannot be statutorily or equitably tolled because there were no impediments to Wilton's filing this Petition.

Wilton asserts that the Petition should be deemed timely because Russell allegedly (1) coerced him to stipulate to dismiss his direct appeal, and (2) failed to file his state post-conviction Rule 40 Petition within one year, allowing the federal statute of limitation to expire before it could be tolled pursuant to § 2244(d)(1)(2). He asserts that he diligently pursued his rights and argues that he should not be punished for his appellate attorney's ineffectiveness.

8

Wilton also argues that the time between the Hawaii Supreme Court's April 23, 2014 rejection of certiorari and his March 5, 2015 filing of the present Petition should be tolled because he was searching for an attorney to represent him in federal court and researching his federal claims.

## A.     No State Impediment to Filing

To the extent Wilton alleges a state created impediment to filing this Petition, that claim fails. A claim under 28 U.S.C. § 2244(d)(1)(B) "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Section 2244(d)(1)(B) applies only to impediments created by state action that violate the Constitution or laws of the United States. *Id.*; *Shannon v. Newland*, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005). A petitioner is entitled to commencement of a new limitation period under § 2244(d)(1)(B) only if the impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." *Ramirez*, 571 F.3d at 1001. "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (citing *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006)).

First, Russell's delay in filing the Rule 40 Petition is not a "state-created impediment" under § 2244(d)(1)(B), because, as his court-appointed appellate attorney, Russell was not a state actor and her conduct is not attributable to the State. *Cf. Lawrence v. Florida*, 549 U.S. 327, 337 (2007)) ("[A] State's effort to assist prisoners . . . does not make the State accountable for a prisoner's delay."); *Polk Cty. v. Dodson*, 454 U.S. 312, 317-25 (1981) (holding that appointed defense attorneys do not act under color of state law for purposes of bringing suit under 42 U.S.C. § 1983).

Second, Russell was not ineffective for filing Wilton's Rule 40 Petition more than nineteen months after he dismissed his appeal -- an HRPP Rule 40 post-conviction petition alleging a violation of the United States Constitution or Hawaii Constitution may be filed "*at any time*" after the judgment enters. HRPP 40(a)(1)(I) (emphasis added). Wilton's Rule 40 Petition was therefore timely in the Hawaii courts.

Third, Wilton admitted he was aware of the federal statute of limitation's possible application to his claims no later than May 5, 2002, when he complained to the circuit court about Russell's failure to file the Rule 40 Petition earlier, and alleged this caused any federal petition he may later file to be untimely. *See* Doc. No. 12-9, Resp't Ex. H. He suggested he was aware of this

10

issue as early as October 19, 2001, when he moved to amend his Rule 40 Petition to raise additional claims, later identified as Russell's ineffectiveness. Doc. No. 12-8, Resp't Ex. G. Yet Wilton waited more than thirteen years to raise this issue in the federal court. Nor does he adequately explain why he waited nearly a year after the Hawaii Supreme Court rejected *certiorari* in his Rule 40 Petition before filing the present Petition, beyond his statements that he was researching the law and seeking an attorney to represent him. *Cf. Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (stating that equitable tolling "has never been satisfied by a petitioner's confusion or ignorance of the law alone").

Wilton cannot show a causal connection between Russell's timely filing of his Rule 40 Petition, and *his* failure to file a timely federal petition, nor does he show that he diligently pursued his federal rights. He clearly was not prevented from "presenting his claims in *any* form, to *any* court." *Ramirez*, 571 F.3d at 1001. There was no state-created impediment to Wilton's filing within the federal statute of limitation.

**B. Section 2244(d)(2) Tolling Does Not Apply**

Filing a post-conviction petition after the statute of limitation has expired, as occurred here, does not revive the statutory filing date once the statute of limitation has expired. *See Pace*, 544 U.S. at 412-16 (stating that a state

11

post-conviction petition that runs afoul of the statute of limitation is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (stating that section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed). In short, Wilton's March 20, 2001 Rule 40 Petition was filed after the statute of limitation had expired.

### C.     No Entitlement to Equitable Tolling

#### *1.     Legal Standard*

The statute of limitation may be equitably tolled in appropriate circumstances. *Holland*, 560 U.S. at 645. But, equitable tolling is the exception rather than the norm. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

To qualify for equitable tolling, a petitioner must show that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances prevented

timely filing. *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418); *Lawrence*, 549 U.S. at 336. Both elements must be met, and the petitioner bears the burden of showing that equitable tolling applies. *Pace*, 544 U.S. at 418 (finding no basis for equitable tolling because petitioner failed to establish the requisite diligence).

The petitioner must also establish that the extraordinary circumstance was the cause of the untimely filed federal habeas petition. *See Bryant*, 499 F.3d at 1061; *Shannon*, 410 F.3d at 1090 (observing that, in each case in which equitable tolling applied, the requisite "extraordinary circumstances" have been based on "wrongful conduct" that "actually prevented the prisoner from preparing or filing a timely petition"). Thus, "[a] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant*, 499 F.3d at 1061.

### 2. *Analysis*

Wilton states that Russell coerced him to dismiss his appeal, which he alleges was an extraordinary circumstance that prevented him from filing. As an initial matter, even if true, Russell's alleged coercion is immaterial because Wilton nonetheless had a full year after such "coercion" to file a federal habeas petition. The dismissal of the appeal resulted in the commencement of the one-year clock, but was wholly unrelated to Wilton's late filing of this Petition.

Moreover, Wilton provides nothing to support this allegation. To the contrary, Wilton declared under penalty of perjury that he understood his right to appeal, agreed with Russell's assessment that there were no bases to appeal, and "knowingly and voluntarily waive[d] his right to appeal." Doc. No. 12-5, Resp't Ex. D. The record does not suggest that Russell coerced the Stipulation "'by promises or threats which deprive[d] it of the nature of a voluntary act.'" *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1972)). Russell told Wilton that she would file a Rule 40 petition and she did so. Wilton fails to establish that he was denied "a voluntary and intelligent choice among the alternative courses of action open to" him. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *N. Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Russell advised Wilton he had no basis for direct appeal, he accepted that advice, and the ICA and Hawaii Supreme Court later affirmed that assessment.[5] Wilton is not entitled to equitable tolling based on his allegedly coerced dismissal of his appeal.

---

[5] The Hawaii Supreme Court remanded the First FOF Denying Rule 40 Petition, on the sole issue of whether *trial* counsel was ineffective for failing to raise evidence of Wilton's multiple sclerosis diagnosis. *See Wilton*, 170 P.3d at 361. It was silent regarding Wilton's claim of ineffective assistance of appellate counsel. The ICA affirmed the Second FOF Denying Rule 40 Petition in its entirety, including Wilton's claims against Russell. *See Wilton*, 2013 WL 6669344, at *5 (Haw. Ct. App. 2013), *cert. denied*, 2014 WL 1642892, at *1 (Haw. 2014).

Russell also had no obligation to protect Wilton's ability to seek federal habeas relief simply because she was appointed to represent him on sentencing and direct appeal, or because she continued to represent him in state court through filing the Rule 40 Petition. *See Miranda*, 292 F.3d at 1067-68 (stating that prisoners have no right to assistance from their direct review appellate counsel regarding potential habeas proceedings); *Robinson v. Neven*, 584 F. App'x 801, 802 (9th Cir. 2014); *Guzman v. Miller*, 2014 WL 4105083, at *4 (C.D. Cal. Aug.14, 2014) (finding that appellate counsel's failure to advise of deadline to file for federal habeas relief did not warrant equitable tolling, "since Petitioner has no right to counsel in [federal habeas proceedings], and nothing prevented him from exercising due diligence to ascertain the AEDPA deadline on his own"). Nor did Russell have an obligation to inform Wilton regarding the federal statute of limitation or his possible bases for federal habeas corpus relief. *See Collins v. Soto*, 2015 WL 1291783, at *4 (C.D. Cal. Mar. 18, 2015) (denying equitable tolling where state appellate attorney did not inform petitioner of the federal statute of limitation); *Apilando v. Hawaii*, 2012 WL 4715163, at *5 (D. Haw. Oct. 2, 2012) (holding state post-conviction counsel had no duty to "notify Petitioner regarding possible claims and limitation dates for filing a federal habeas corpus petition" and denying equitable tolling).

And even if Russell had some duty to file the Rule 40 Petition within the federal statute of limitation to ensure statutory tolling applied (which she does not), a failure to do so would be simple negligence, an insufficient basis for applying equitable tolling. *See Holland*, 560 U.S. at 649; *Lawrence*, 549 U.S. at 336-37 (holding attorney's miscalculation of limitation period insufficient to warrant equitable tolling). That is, while "[e]quitable tolling may be warranted in instances of unprofessional attorney behavior . . . the [statute of limitation] will not be tolled for a garden variety claim of excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th Cir. 2011); *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (requiring "sufficiently egregious" attorney misconduct to warrant equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001) (holding that petitioner's *federal* habeas attorney's negligent miscalculation of the statute of limitation deadline, was not an extraordinary circumstance warranting equitable tolling). Russell was not hired to represent Wilton in federal habeas corpus proceedings and she was not obligated to protect his federal rights when she filed the Rule 40 Petition. Her failure to file the Rule 40 Petition within the federal statute of limitation is not an extraordinary circumstance that prevented Wilton from filing this Petition.

Finally, Wilton did not exercise reasonable diligence in pursuing his federal habeas claims before the limitation period ran. While the record does not reflect whether Wilton was aware of the statute of limitation before Russell filed the Rule 40 Petition, his "own failure to exercise due diligence in investigating the procedure which governed his federal claims does not elevate his situation to the 'rare and exceptional circumstance' required to justify equitable tolling." *Cooper v. Travis*, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010). And Wilton knew how to determine his rights -- he was aware of the federal statute of limitation issue no later than May 5, 2002, when he wrote to the circuit court regarding Russell's inaction, yet did nothing for thirteen years to protect his rights thereafter. Wilton has not established that he acted with reasonable diligence and was nonetheless subject to extraordinary circumstances that prevented him from timely filing this Petition.

## IV. **CONCLUSION**

The Petition is DISMISSED with prejudice as time-barred. All pending motions, including Wilton's Motion for Evidentiary Hearing, are DENIED as moot. A certificate of appealability is DENIED because Wilton has

///

///

not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, July 29, 2015.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Wilton v. Sequeira,* Civ. No. 15-00078 JMS/KSCK; habeas 2015; J:\PSA Draft Ords\JMS\Wilton 15-78 JMS (SOL)_mtd.wpd